UNITED STATES DISTRICT COURT                    <u>For Online Publication Only</u>
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MURAT ATES,


                              Plaintiff,


               -against-                                     <u>**MEMORANDUM & ORDER**</u>
                                                             20-CV-1477 (JMA)(AYS)

FERDAG DILAY ALTINER, STATE OF NEW YORK,                          **FILED**
ANDREW CRECCA, in his personal capacity and in his               **CLERK**
official capacity as Justice of the Supreme Court of New
York, 10th Judicial District; PATRICK LEIS, III, in his        6/19/2020 4:28 pm
personal capacity and in is official capacity as Justice of
the Supreme Court of New York, 10th Judicial District;       **U.S. DISTRICT COURT**
VICTORIA GUMBS-MOORE, in her personal capacity          **EASTERN DISTRICT OF NEW YORK**
and in her official capacity as Justice of the Family           **LONG ISLAND OFFICE**
Court of New York, 10th Judicial District, Suffolk County,
NY; JANET DIFIORE, in her personal capacity and in
her official capacity as the Chief Justice of the Court of
Appeals of New York, ALAN D. SCHEINKMAN,
WILLIAM F. MASTRO, REINALDO E. RIVERA,
MARK C. DILLON, RUTH C. BALKIN, JOHN M.
LEVENTHAL, CHERYL E. CHAMBERS, ROBERT
J. MILLER, LEONARD B. AUSTIN, SANDRA L.
SGROI, BETSY BARROS, L. PRISCILLA HALL,
VALERIE BRATHWAITE NELSON, LINDA
CHRISTOPHER, PAUL WOOTEN, JOSEPH J. MALTESE,
COLLEEN DUFFY, SYLVIA O. HINDS-RADIX, SHERI S.
ROMAN, JEFFREY A. COHEN, HECTOR D. LASALLE,
ANGELA G. IANNACCI, FRANCESA E. CONNOLLY in
their personal capacities and in their official capacities as
Justices of the Supreme Court of the State of New York,
Appellate Division, Second Department, JOSEPH W. BELLUCK,
PAUL B. HARDING, JODIE CORNGOLD, JOHN A. FALK,
TAA GRAYS, LESLIE G. LEACH, ANGELA L. MAZZARELLI,
ROBERT J. MILLER, MARVIN RAY RASKIN, AKASIA
GARCIA YEBOAH in their personal capacities and in their official
Capacities as members of the New York State Commission on
Judicial Conduct, VICTIMS INFORMATION BUREAU OF
SUFFOLK (VIBS), CATHERINE DESANTO, PENNY
SLOMOVITZ-GLASER, and LANCE SIMON,

                              Defendants.
------------------------------------------------------------------------X

```
--------------------------------------------------------------------X
```
MURAT ATES,

                              Plaintiff,

            -against-                                    20-CV-1479 (JMA)(AYS)

FERDAG DILAY ALTINER, TOURO COLLEGE
JACOB D. FUCHSBERG LAW CENTER, ANDREW
CRECCA, in his personal capacity and in his official
capacity as Justice of the Supreme Court of New York,
10th Judicial District, PATRICK LEIS, III, in his
personal and in his official capacity as Justice of the
Supreme Court of New York, 10th Judicial District,
VICTORIA GUMBS-MOORE, in her personal
capacity and in her official capacity as Justice of the
Family Court of New York, 10th Judicial District, Suffolk
County, NY, and VICTIMS INFORMATION BUREAU
OF SUFFOLK COUNTY (VIBS),

                              Defendants.
```
--------------------------------------------------------------------X
```
**AZRACK, United States District Judge:**

On March 16, 2020, pro se plaintiff Murat Ates ("plaintiff") filed two in forma pauperis

complaints in this Court against several of the same defendants together with applications to

proceed in forma pauperis.   By Orders dated May 1, 2020, the Court denied plaintiff's

applications to proceed in forma pauperis without prejudice and with leave to renew upon

completion of the AO 239 Long Form In Forma Pauperis application ("Long Form").   On May 4,

2020, plaintiff filed an amended complaint in the case assigned docket number 20-CV-1477 and

the Long Form application in each case.

For the reasons that follow, the Court grants plaintiff's requests to proceed in forma

pauperis, consolidates the amended complaint with the complaint assigned docket number 20-

1479 ("complaint II"), and directs that the case assigned docket number 20-CV-1479 be closed.

All future filings shall be made only under docket number 20-1477(JMA)(AYS).   Further, the amended complaint and complaint II are <u>sua</u> <u>sponte</u> dismissed without prejudice for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).

## I.   BACKGROUND

### A.   <u>The Amended Complaint</u>

Plaintiff's amended complaint, brought pursuant to 42 U.S.C. §§ 1983, 1985 and 18 U.S.C. §§ 241, 245, 249, 1959 and 1961, is a rambling diatribe against his estranged wife, Ferdag Dilay Altiner ("Altiner"), the State of New York, the justices of the New York State Supreme and Family Court who presided over the underlying state court proceedings (Judges Andrew Crecca, Patrick Leis, III, and Victoria Gumbs-Moore), the Chief Justice of the New York State Court of Appeals Janet DiFiore; justices of the New York State Appellate Division, Second Department: Alan D. Scheinkman, William F. Mastro, Reinaldo E. Rivera, Mark C. Dillion, Leonard B. Austin, Ruth C. Balkin, John M. Leventhal, Cheryl E. Chambers, Sandra L. Sgroi, Betsy Barros, L. Priscilla Hall, Valerie Brathwaite Nelson, Linda Christopher, Paul Wooten, Joseph J. Maltese, Colleen Duffy, Sylvia O. Hinds-Radix, Sheri S. Roman, Jeffrey A. Cohen, Francesca E. Connolly, Hector D. LaSalle, and Angela G. Iannacci; members of the New York State Commission on Judicial Conduct: Joseph W. Belluck, Paul B. Harding, Jodie Corngold, John A. Falk, Taa Grays, Leslie G. Leach, Angela L. Mazzarelli, Robert J. Miller, Marvin Ray Raskin, and Akasia Garcia; the Victims Information Bureau of Suffolk; Catherine DeSanto; Lance Simon; and Penny Slomovitz-Glaser (collectively, "defendants").[1]

---

[1] All material allegations in the amended complaint and complaint II are assumed to be true for the purpose of this Order.   <u>See</u>, <u>e.g.</u>, <u>Rogers v. City of Troy, New York</u>, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a <u>pro se</u> complaint for <u>sua sponte</u> dismissal, a court is required to accept the material allegations in the complaint as true).   Excerpts from the amended complaint and complaint II are reproduced here exactly as they appear in the originals.   Errors in spelling, punctuation, and grammar have not been corrected or noted.

Plaintiff generally complains that New York state "domestic relations laws and family laws" are unconstitutional.   (Am. Compl. at 3.)   The gravamen of the amended complaint is that plaintiff claims that he was treated unfairly during state court matrimonial and family court proceedings.   Plaintiff's allegations "arise from 42 U.S.C. §§ 1983, 1961, 1985 and 18 U.S.C. §§ 1959, 241, 245, 249 as against the defendants in their official capacities and from 18 U.S.C. §§ 1959, 241, 245, 249 and 42 U.S.C. § 1985 as against the private parties."   (Id. ¶ 37.)

For relief, plaintiff seeks, inter alia, the disqualification and impeachment of several judges, an order declaring that the New York State Family Court Act and Domestic Relations Laws §§ 236(B) and 240 are unconstitutional, and various other orders addressing what he perceives were instances of bias in his matrimonial and family court proceedings.   (Id. at 24–25.)   Plaintiff also seeks an order, inter alia, regarding custody of his children, alimony, and property and money he believes his former spouse owes him.

**B.     Complaint II**

Like the amended complaint, complaint II is brought against Altiner, Judge Crecca, Judge Leis, Judge Gumbs-Moore, and VIBS.   Complaint II also names Touro College Jacob D. Fuchsberg Law Center ("Touro") as a defendant.   Plaintiff alleges that his claims are brought pursuant to 42 U.S.C. §§ 1983, 1985, 2000d(1)-(7) and 18 U.S.C. §§ 241, 245, 249, 1961. (Compl. II at 2.)   The allegations in complaint II are largely the same as those in the amended complaint.   Indeed, plaintiff acknowledges that his allegations are the same as those set forth in the amended complaint for the first twelve pages of his fourteen-page submission.   (Id. at 12.)

At paragraph 36, plaintiff begins to set forth the "Facts Pertaining to the Current Case." (Id. at 12.)   Plaintiff alleges that judges from his matrimonial and family court proceedings caused

4

him to be denied admission to Touro.  (Id.  at ¶¶ 36-42.)   As relief, he seeks, inter alia, damages of $17 billion and an order that Touro violated his constitutional rights.  (Id. at 13.)

## II.   DISCUSSION

### A.   Consolidation of the Amended Complaint and Complaint II

Under Federal Rule of Civil Procedure 42, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."  Fed. R. Civ. P. 42(a).  "The trial court has broad discretion to determine whether consolidation is appropriate."  Johnson v. Celotex Corp., 899 F.2d 1281, 1284–85 (2d Cir. 1990). Consolidation is appropriate in order to serve the interests of judicial economy.  See, e.g., Jacobs v. Castillo, No. 09 Civ. 953 (CM), 2009 WL 1203942, at *3 (S.D.N.Y. Apr. 23, 2009) ("Consolidation would further the goal of 'judicial economy' because discovery in each case is likely to be identical, motion practice and trial in the two cases would most likely cover the same facts and some identical issues of law.").  Specifically, consolidation of cases with common questions of law or fact is favored "to avoid unnecessary costs or delay," Johnson, 899 F.2d at 1284, and to "expedite trial and eliminate unnecessary repetition and confusion," Devlin v. Transp. Commc'n Int'l Union, 175 F.3d 121, 130 (internal citations omitted).

"The Second Circuit has long adhered to the first-filed doctrine in deciding which case to dismiss where there are competing litigations.  Where there are several competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second."  Kellen Co. v. Calphalon Corp., 54 F. Supp. 2d 218, 221 (S.D.N.Y. 1999) (internal quotation marks, alterations, and citations omitted); accord Adam

v. Jacobs, 950 F.2d 89, 92 (2d Cir. 1991); First City Nat'l Bank & Trust Co. v. Simmons, 878 F.2d 76, 79 (2d Cir. 1989).   The first-filed rule seeks to conserve judicial resources and avoid duplicative litigation.   See Adam v. Jacobs, 950 F.2d 89, 92 (2d Cir. 1991); First City Nat'l Bank & Trust Co., 878 F.2d at 80; Kellen, 54 F. Supp. 2d at 221.

Here, the complaints filed by plaintiff allege deprivations of his constitutional rights by the defendants, several of whom are named in both complaints.   Indeed, plaintiff alleges that the facts involved in each complaint are largely the same.   Accordingly, the Court orders that plaintiff's complaints be consolidated pursuant to Federal Rule of Civil Procedure 42 into the first filed case, 20-CV-1477.   The Clerk of Court is directed to: (1) consolidate these actions; and (2) mark Complaint II (20-CV-1479) closed.   All future filings are to be docketed in only 20-CV-1477.

**B.     In Forma Pauperis Applications**

Upon review of plaintiff's declarations in support of the applications to proceed in forma pauperis, the Court finds that plaintiff is qualified to commence these actions without prepayment of the filing fees.   28 U.S.C. § 1915(a)(1).   Therefore, plaintiff's applications to proceed in forma pauperis are granted.

**C.     Standard of Review**

Pursuant to the in forma pauperis statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief."   28 U.S.C. § 1915 (e)(2)(B).   The Court must dismiss the action as soon as it makes such a determination.

Pro se submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers."   Haines v. Kerner, 404 U.S. 519,

520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997).   In addition, the court is required to read plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests.   United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that pro se complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."   Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").   However, a pro se plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face."   Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).   The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully."   Id. at 678.   While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"   Id. (quoting Twombly, 550 U.S. at 555).

## D.  **Subject Matter Jurisdiction**

Notwithstanding the liberal pleading standard afforded pro se litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking.   Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700–01 (2d Cir. 2000).   Lack of subject matter jurisdiction cannot be waived and may be raised at any time or by the court sua sponte.   Id.; see also Fed. R. Civ. P. 12(h)(3).   If subject matter jurisdiction is lacking, the action must be dismissed.   See Lance v. Coffman, 549 U.S. 437, 439 (2007) ("Federal courts must

determine that they have jurisdiction before proceeding to the merits.").

**1.     The Domestic Relations Exception Divests the Court of Subject Matter Jurisdiction to Adjudicate Plaintiff's Claims**

Plaintiff's claims are barred by the domestic relations exception to this Court's jurisdiction. It has long been held that federal courts generally lack subject matter jurisdiction over "'the whole subject of the domestic relations of husband and wife, parent and child . . . .'"  Puletti v. Patel, 05-CV-2293, 2006 WL 2010809, at *4 (E.D.N.Y. July 14, 2006) (quoting In re Burrus, 136 U.S. 586, 593-94 (1890)); see also Marshall v. Marshall, 547 U.S. 293, 308 (2006) (under the domestic relations exception, "divorce, alimony, and child custody decrees" remain outside federal jurisdictional bounds).   Indeed, the federal court's deference to state law in this area is so strong that the Supreme Court has recognized a "domestic relations exception" that "divests the federal courts of power to issue divorce, alimony, and child custody decrees."  Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 12–13 (2004), abrogated on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc., 572 U.S. 118 (2014) (quoting Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992)); Keane v. Keane, 549 F. App'x 54, 55 (2d Cir. 2014) (The "domestic relations exception to subject matter jurisdiction generally encompasses . . . cases involving the issuance of a divorce, alimony, or child custody decree.") (citation and internal quotation marks omitted). This exception is based upon a "policy consideration that the states have traditionally adjudicated marital and child custody disputes and therefore have developed competence and expertise in adjudicating such matters, which the federal courts lack."  Thomas v. N.Y. City, 814 F. Supp. 1139, 1146 (E.D.N.Y. 1993).

While the domestic relations exception is "narrow," it "'applies generally to issues relating to the custody of minors,' as well as to 'civil rights actions directed at challenging the results of domestic relations proceedings.'"  Sobel v. Prudenti, 25 F. Supp. 3d 340, 353 (E.D.N.Y. 2014)

(quoting <u>Mitchell-Angel v. Cronin</u>, 95-CV-7937, 1996 WL 107300, at *2 (2d Cir. Mar. 8, 1996));
<u>see</u> <u>also</u> <u>Guichiardo v. Barrazza</u>, 16-CV-1222, 2016 WL 3541547, at *3 (E.D.N.Y. Jun. 23, 2016)
(applying the domestic relations exception where the plaintiff "style[d] some of her claims as
raising constitutional issues, but the allegations stem from a state domestic relations matter . . . .").

 Here, as is readily apparent, plaintiff seeks to challenge rulings made during the underlying
state court matrimonial action and child custody proceedings.   Although plaintiff casts his claims
as a civil rights and RICO action directed at challenging the results of domestic relations
proceedings, and, in particular, a state court's decisions regarding child custody and support, such
characterization does not expand this Court's jurisdiction.   <u>See</u>, <u>e.g.</u>, <u>Schottel v. Kutyba</u>, 16-CV-
1577, 2009 WL 230106, at *1 (2d Cir. Feb. 2, 2009) ("[A] plaintiff cannot obtain federal
jurisdiction merely by rewriting a domestic dispute as a tort claim for monetary
damages"); <u>Ruchinsky v. Devack</u>, 14-CV-2219, 2014 WL 2157533, at *10 (E.D.N.Y. May 23,
2014) ("Plaintiff cannot avoid operation of the domestic relations exception by re-casting his
challenge to the state court's child support decisions as a Civil RICO claim.").   Accordingly, this
Court does not have jurisdiction to hear these claims.   <u>See</u> <u>Donohue v. Pataki</u>, 28 F. App'x 59, 60
(2d Cir. 2002) (affirming "district court's conclusion that it lacked jurisdiction to invalidate or
otherwise review the state court's decision [regarding] . . . child support payments"); <u>McArthur v.
Bell</u>, 788 F. Supp. 706, 709 (E.D.N.Y. 1992) (stating that when the allegations regarding, <u>inter
alia</u>, constitutional rights "are directly related to" domestic relations proceedings, the Court must
dismiss the claims because, otherwise, the "Court would be forced to re-examine and re-interpret
all the evidence brought before the state court in the domestic relations proceedings," and "[t]hat
is the role of the Appellate Division").

 Indeed, plaintiff's requests for relief militate against the exercise of jurisdiction over this

9

action.   The amended complaint and complaint II ask this Court to declare "all decisions and orders of Patrick Leis, III and Andrew Crecca under the void legal proceedings Supreme Court of Suffolk County, NY Index No. 07928/2016 are result of legal fraud, against the governing laws, against the weight of the evidence, unconstitutional, illegal, unenforceable, invalid, and void" and "vacating the [] orders of Patrick Leis and Andrew Crecca made under the Index number 07928-2016" (Am. Compl. at 22; Compl. II at 13 ("declaring that defendants ANDREW CRECCA, PATRICK LEIS III and VICTORIA GUMBS-MOORE committed an armed robbery, robbing plaintiff of his property and assets valued at seventeen billion dollars")).   Further, plaintiff seeks an order "returning the title of children [A.A. and G.A.] to plaintiff" and returning to plaintiff "all assets of marriage" and directing Altiner "to pay plaintiff $5,400.00 per month in alimony for 18 years and $4,927.00 per month in child support."   (Am. Compl. at 24.)   These claims fall squarely within the domestic relations exception.

Moreover, although plaintiff's claims against Touro involve a determination outside of the matrimonial action and child support proceedings, because plaintiff alleges that Touro's denial of his admission was due to, inter alia, the "political conflict" of Judges Crecca and Leis (Compl. II ¶ 39), such claims are therefore related to the underlying domestic relations proceedings. [2] Plaintiff seeks to recover a damages award of $17 billion dollars against Touro and the other defendants, and these damages arise out of the domestic dispute, counseling against the exercise of jurisdiction.   See Ruchinsky, 2014 WL 2157533, at *9 (quoting Schottel, 2009 WL 230106, at *1) (explaining that courts decline jurisdiction where there are "claims for money damages 'which begin and end in a domestic dispute'").   Accordingly, this Court lacks subject matter jurisdiction

---

[2] Moreover, plaintiff's sparse allegations against Touro do not otherwise allege a plausible claim even if this Court had subject matter jurisdiction to adjudicate such claims.   Given that the dismissal of such claims is without prejudice, plaintiff is not prejudiced should he seek to pursue such claims.

under the domestic relations exception.   Plaintiff's claims are thus dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3).

> **2.     The Rooker/Feldman Doctrine Divests this Court of Subject Matter Jurisdiction**

Even if plaintiff's claims were not barred by the domestic relations exception, the Rooker/Feldman doctrine divests this Court of subject matter jurisdiction.   Under the Rooker-Feldman doctrine, federal courts generally lack subject matter jurisdiction over claims that seek to challenge adverse state court judgments.   See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983) ("[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings."); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923) (holding that "no court of the United States other than [the Supreme Court] could entertain a proceeding to reverse or modify [a state court's] judgment for errors"); see also Teichmann v. New York, 769 F.3d 821, 826 (2d Cir. 2014) (denying relief "[t]o the extent that [the plaintiff] only seeks a declaration that his state conviction is invalid, [because the plaintiff] seeks nothing more than review of a state court judgment"); Galtieri v. Kelly, 441 F. Supp. 2d 447, 453 (E.D.N.Y. 2006) ("[F]ederal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments.") (quoting Hoblock v. Albany Cty. Bd. of Elections, 422 F.3d 77, 84 (2d Cir. 2005)).   "Courts have repeatedly invoked [Rooker-Feldman] in cases . . . in which plaintiffs challenge family court decrees setting child support arrears."   Kneitel v. Palos, No. 15-CV-2577, 2015 WL 3607570, at *7 (E.D.N.Y. June 8, 2015) (alterations in original) (collecting cases); see also Fernandez v. Turetsky, No. 12-CV-4092, 2014 WL 5823116, at *3-5 (E.D.N.Y. Nov. 5, 2014) (dismissing pro se complaint challenging child support arrears under Rooker-Feldman doctrine, as well as domestic relations exception (citations omitted)).

"'Rooker-Feldman directs federal courts to abstain from considering claims when four

requirements are met: (1) the plaintiff lost in state court, (2) the plaintiff complains of injuries caused by the state court judgment, (3) the plaintiff invites district court review of that judgment, and (4) the state court judgment was entered before the plaintiff's federal suit commenced.'" Remy v. New York State Dep't of Taxation and Finance, 507 F. App'x 16, 18 (2d Cir. Jan. 3, 2013) (quoting McKithen v. Brown, 626 F.3d 143, 154 (2d Cir. 2010)); see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (Rooker-Feldman doctrine deprives a federal court of jurisdiction to consider a plaintiff's claim when that plaintiff is "complaining of injuries caused by state-court judgments rendered prior to the commencement of district court proceedings and inviting district court review of those judgments."); see also McKithen, 626 F.3d at 154–55 (explaining the rule in Exxon and rejecting as-applied challenge to New York state law which invited review of New York state court judgment).

Here, all of the requirements are met.  Plaintiff challenges the 2017-2019 decisions of the state court judges in the underlying matrimonial action under Index No. 007928/2016 in the New York State Supreme Court, Suffolk County, deciding, inter alia, the terms of his divorce, child custody, child support, and the entry of orders of protection against him.  All of these decisions occurred well before plaintiff filed his complaints in this Court on March 13, 2020.[3]  Plaintiff alleges that the state court proceedings are invalid.  (Am. Compl. 5-8.)  Accordingly, plaintiff invites this Court to review and reject the state court decisions awarding custody of his children to his former spouse, child support and alimony payments, and the entry of orders of protection. Because the Rooker-Feldman doctrine precludes the Court's exercise of jurisdiction over plaintiff's claims, they are dismissed without prejudice for lack of subject matter jurisdiction

---

[3] According to the information maintained by the New York State Office of Court Administration, the challenged decisions by Judges Crecca and Leis were entered during the period December 8, 2017 through October 31, 2018. See https://iapps.courts.state.ny.us/web civil (last visited on June 2, 2020).

pursuant to Federal Rule of Civil Procedure 12(h)(3).[4]

### E.      Leave to Amend

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999) (internal quotation marks and alterations omitted)).   Indeed, a pro se plaintiff who brings a civil rights action, "should be 'fairly freely' afforded an opportunity to amend his complaint . . . ." Boddie v. N.Y. State Div. of Parole, 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988)). Yet, "while pro se plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." Id. (citations omitted).

Here, the Court has carefully considered whether plaintiff should be granted leave to further amend his claims.   Given that plaintiff has already filed an amended complaint, together with the many deficiencies in plaintiff's claims as set forth above, the Court declines to grant leave to file yet another amended complaint.   See, e.g., Johnson v. Alma, 19-CV-8093 (CM), 2019 WL 5260824, at *4 (S.D.N.Y. Oct. 15, 2019) (declining to grant pro se plaintiff leave to amend where claims barred by, inter alia, domestic relations exception).   As set forth above, the domestic relations exception "'divests the federal courts of power to issue divorce, alimony, and child custody decrees.'"   Sobel, 25 F. Supp. 3d at 353 (quoting Akenbrandt, 504 U.S. at 703).

---

[4] Given that the Court is divested of subject matter jurisdiction under the domestic relations exception and the Rooker/Feldman doctrine, the Court need not address the fact that plaintiff's claims against the judges named in his amended complaint and complaint II are also implausible because they would likely be barred by judicial immunity. So too, plaintiff's claims against each of the state-actor defendants seeking money damages would likely be barred by sovereign immunity under the Eleventh Amendment.   See Kentucky v. Graham, 473 U.S. 159, 169 (1985) ("The Court has held that, absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court."); see also Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.   As such, it is no different from a suit against the State itself.") (citations omitted).

Moreover, as it appears that the underlying state case remains pending,[5] the Younger abstention doctrine provides another reason to deny leave to further amend.   To the extent plaintiff seeks injunctive relief pertaining to the pending state court action, the Younger abstention doctrine and its progeny prohibit this Court from exercising jurisdiction over this matter.  See Younger v. Harris, 401 U.S. 37, 44 (1971).   The denial of leave to further amend his complaint is without prejudice to plaintiff pursuing any valid claims he may have against defendants in state court.

## III.   CONCLUSION

Plaintiff's applications to proceed in forma pauperis are granted.   However, for the reasons set forth above, the complaints are sua sponte dismissed without prejudice for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).   Plaintiff may pursue any valid state law claims that he may have against the defendants in state court.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.   See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

Dated:   June 19, 2020
           Central Islip, New York

                                                       /s/ (JMA)
                                                 JOAN M. AZRACK
                                                 UNITED STATES DISTRICT JUDGE

---

[5] See https://iapps.courts.state ny.us/webcivil (last visited on June 2, 2020).